UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2: 15-cr-041-GEB |
|---|---|
| Plaintiff, | **AMENDED ORDER DENYING DEFENDANT'S REQUESTS TO SEAL DOCUMENTS**[1] |
| v. | |
| SIMONE AGUILAR, | |
| Defendant. | |

On November 1, 2017, Defendant Simone Aguilar filed on the public docket a Notice of Request to Seal Documents in which she states "she is requesting to file under seal: (1) a twenty-one page document filed with the Court in connection with the criminal prosecution of Simone Aguilar based upon the concerns articulated in the Defendant's Request to Seal Documents; and (2) a Request to Seal Documents." Notice at 1:16-19, ECF No. 101. Defendant submitted for in camera consideration the documents she desires sealed via an email addressed to the Courtroom Deputy Clerk.

On November 3, 2017, Defendant filed on the public

---

[1] This amended order removes a parenthetical case explanation, formerly on page four at lines eleven through fourteen, and substitutes in place thereof a footnote on pages four and five herein; and makes a grammatical change to what was formerly on page six, line three, which is now located on page six, line nineteen.

1

docket a second Notice of Request to Seal Documents in which she states "she is requesting to file under seal Findings And [Proposed] Order Sealing Defendant's Request To Seal And Sentencing Brief." Second Notice at 1:16-18, ECF No. 102 (alteration in original). The proposed order is made public in this order notwithstanding Defendant's publicly filed notice that she seeks to file it under seal. The referenced proposed order reads:

> Having considered the Defendant's Request to Seal, Sentencing Brief, Local Rule 141(b) and the considerations set forth in the case of *Oregonian Publishing Co. v. United States District Court for the District of Oregon*, 920 F.2d 1462, 1466 (9th Cir. 1990).
>
> THE COURT HEREBY FINDS THAT:
>
> 1. Defendant Simone Aguilar's privacy interest and right to effective assistance of counsel are compelling interests;
>
> 2. In the absence of sealing these compelling interests would be harmed;
>
> 3. There are no alternatives to sealing that would adequately protect those compelling interests.
>
> Therefore IT IS ORDERED THAT Defendant's Sentencing Brief and Request to Seal be filed under seal

These proposed judicial sealing findings are too conclusory to justify Defendant's closure request, and Defendant provides no reason justifying why this conclusory order should be filed under seal. Proposed judicial findings to be included in such a sealing order are required to evince that the public's presumed right of access under the First Amendment doctrine is

"overcome . . . by an overriding interest" and "that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." Press-Enter. Co. v. Superior Court of California, 478 U.S. 1, 9-10 (1986). Further, it is pellucid that "[t]he trial court should only seal that part of its findings that is necessary to protect [legitimate compelling privacy or other interests], and it must make every effort to explain as much of its decision as possible on the public record to enable an interested person to intelligently challenge the decision." Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defendant's first sealing request (ECF No. 101) also references sealing jurisprudence in a woefully conclusory manner. "Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents." Oregonian Pub. Co. v. U.S. Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1985)). Further, "the First Amendment right of access applies to sentencing proceedings." United States v. Rivera, 682 F.3d 1223, 1229 (9th Cir. 2012); but see, e.g., United States v. Alcantara, 396 F.3d 189, 197 n. 6 (2d Cir. 2005) ("Courts have generally held . . . that there is no First Amendment right of access to pre-sentence reports." (citing United States v. Corbitt, 879 F.2d 224, 237 (7th Cir. 1989)).

When considering such a sealing request, the Ninth Circuit has explained:

3

> We begin with the presumption that the public and the press have a right of access to criminal proceedings and documents filed therein. The right of access is grounded in the First Amendment and in common law, and extends to documents filed in pretrial proceedings as well as in the trial itself.
>
> We find no principled basis for affording greater confidentiality to post-trial documents and proceedings than is given to pretrial matters. The primary justifications for access to criminal proceedings, first that criminal trials historically have been open to the press and to the public, and, second, that access to criminal trials plays a significant role in the functioning of the judicial process and the governmental system, apply with as much force to post-conviction proceedings as to the trial itself.

CBS, Inc. v. U.S. Dist. Court, 765 F.2d 823, 825 (9th Cir. 1985) (citations omitted); but see United States v. Doe, 870 F.3d 991, 997-98 (9th Cir. 2017).[2]

---

[2] Doe states there "are substantial similarities between the documents at issue in [Doe] and the documents to which a qualified First Amendment right of access attaches pursuant to [the Ninth Circuit's] holdings in CBS, and [In re Copley Press, Inc., 518 F.3d 1022 (9th Cir. 2008)]." 870 F.3d at 997. Doe also states that in "CBS [the Ninth circuit] extended the qualified right of public access to a motion to reduce a high-profile defendant's sentence under Federal Rule of Criminal Procedure 35(b) for post-sentencing assistance in investigating or prosecuting another person." Id. Doe further states that the Ninth Circuit held in Copley "that the public has a qualified First Amendment right of access to: (1) a plea agreement cooperation addendum; (2) the government's motion to seal the plea agreement and memorandum in support of it; (3) the district court's orders granting the government's motion to seal; (4) the defendant's plea colloquy transcript; and (5) the transcripts of those portions of the hearings on the government's motion to seal that were open to the public." Id. Doe explains that Copley "also held that the public has no right of access to declarations and documents attached to a motion to seal." Id. Doe further states that "neither [the Ninth Circuit] nor the Supreme Court has ever specifically addressed whether the public has a qualified First Amendment right of access to written documents relating to § 5K1.1." Id. Doe also states that when CBS and Copley Press were decided, "electronic filing had not made court documents so easily accessible, nor had the [Committee on Court Administration and Case Management of the Judicial Conference of the United States] released its report finding that new inmates are often required by other prisoners to produce copies of their case dockets to prove they did not cooperate with the government." Id. at 997. Doe ultimately decided "it [was] unnecessary [for it] to apply the experience and logic test to decide whether a qualified First Amendment right of public access attaches to the documents that Doe seeks to seal[; and] assume[d] without deciding that there is such a right, and conclude[d] that the facts

4

To restrict public access under the First Amendment presumed right of access doctrine, two procedural requirements and three substantive requirements must be satisfied. To satisfy the procedural sealing requirements, "(1) those excluded from the proceeding must be afforded a reasonable opportunity to state their objections; and (2) the reasons supporting closure must be articulated in findings." Oregonian Pub. Co., 920 F.2d at 1466. The procedural sealing requirements generally obligate the movant to "'provide a kind of index to the judicial documents' that the [party] desires to file under seal, so as to 'endow the public and press with the capacity to exercise a perceived right' to access all or part of said documents." United States v. Morales, No. 2:13-CR-00335-GEB, 2016 WL 1375627, at *1 (E.D. Cal. Apr. 7, 2016) (quoting Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 93 (2d Cir. 2004)).

To satisfy the substantive requirements, the movant must show that "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." Oregonian Pub. Co., 920 F.2d at 1466 (citing Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13 (1986)). "The[se] procedural and substantive safeguards . . . are not mere punctilios, to be observed when convenient. They provide the essential, indeed only, means by which the public's voice can be heard." Phoenix Newspapers, Inc. v. U.S. Dist.

---

[involved in Doe] rebut any resulting presumption of openness." Id. at 998. Doe reversed "the denial of Doe's motion to seal and . . . to strike and replace the docket entry text mentioning § 5K1.1." Id. at 1002.

5

Court, 156 F.3d 940, 951 (9th Cir. 1998).

Defendant's publically filed sealing notice falls far short of creating the kind of effective publicly docketed index that could reasonably place the public on notice that it may have a First Amendment presumptive right of access to all or part of the filing since Defendant fails to explain, even in broad terms, what has actually been submitted to the court for sealing. Disregarding this notice obligation and presenting the judge with documents that have not been indexed on the public docket is tantamount to creating a secret docketing system. "[N]o one can challenge closure of a document or proceeding that is itself a secret." Doe v. Public Citizen, 749 F.3d 246, 268 (4th Cir. 2014).

What Defendant says is a "twenty-one page document" that she seeks to have sealed is, in fact, twenty pages long and is comprised of two parts. The first seven pages are sentencing arguments in which Defendant opines she should be granted a downward variance from the advisory guideline imprisonment range found to exist in the Presentence Report, based on her history of abuse and/or on her immigration status. The remaining thirteen pages have been prepared by a licensed Marriage and Family Therapist and contain what the author says would be her testimony if she were called to testify.

Defendant, "[c]onsistent with the presumed right of access to court proceedings and documents under the first amendment . . . [, has] the burden . . . to present facts supporting [the] closure [or secrecy she seeks] and to demonstrate that available alternatives will not protect h[er]

6

rights." Oregonian Pub. Co., 920 F.2d at 1466-67.

> All too often, parties to the litigation are either indifferent or antipathetic to [their burden under sealing jurisprudence]. This is to be expected: it is not their charge to represent the rights of others. However, balancing interests cannot be performed in a vacuum. Thus, providing the public notice and an opportunity to be heard ensures that the trial court will have a true opportunity to weigh the legitimate concerns of all those affected by a closure decision. Similarly, entry of specific findings allows fair assessment of the trial judge's reasoning by the public and the appellate courts, enhancing trust in the judicial process and minimizing fear that justice is being administered clandestinely.

Phoenix Newspapers, 156 F.3d at 951.

The over-broadness of Defendant's closure request is an invitation to the court, which if accepted, could undermine the court's sentencing obligations, which require "[t]he court, at the time of sentencing, [to] state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). This statutory "requirement reflects sound judicial practice [since j]udicial decisions are reasoned decisions. Confidence in a judge's use of reason underlies the public's trust in the judicial institution. A public statement of those reasons helps provide the public with the assurance that creates that trust." Rita v. United States, 551 U.S. 338, 356 (2007).

Defendant has made conclusory arguments about her entitlement to privacy that disregard her obligation to show that the privacy at issue constitutes an interest compelling enough to justify the degree of secrecy and closure she seeks. Further, Defendant has not addressed this balance in the situation here where "Defendant has chosen to introduce [psychological and

other] information [she contends concern private matters] in an attempt to mitigate h[er] sentence." United States v. Dare, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008). "The mere fact that the production of records may lead to a litigant's embarrassment [or] incrimination . . . will not, without more, compel the court to seal its records." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).

"[E]ven if [certain] privacy rights of [Defendant's] in [the sentencing brief] constitute a compelling interest" in sealing the matters, Defendant has not shown that there are no "alternatives" to the degree of "closure" or secrecy she seeks "that can protect these interests." United States v. Guerrero, 693 F.3d 990, 1003 (9th Cir. 2012). Review of Defendant's Presentence Investigation Report ("PSR") reveals that Defendant may have already missed one alternative, since there is no indication that the Marriage and Family Therapist's report, or arguments regarding Defendant's immigration status, were given to the probation officer charged with creating the PSR.

Defendant's failure to provide her variance arguments and documents she now seeks to have sealed to the probation officer interferes with that officer's function and what the court expects to occur before the PSR is finalized. "The probation officer's duty is to compile information which then takes the form of a neutral written recommendation to the judge. His [or her] purpose is . . . to provide the trial judge with as much information as possible in order to enable the judge to make an informed decision." United States v. Belgard, 894 F.2d 1092, 1097 (9th Cir. 1990).

1 | Since Defendant has not shown that the scope of closure she seeks serves a compelling interest, that in the absence of closure the referenced interests would be harmed, and that no alternatives to closure would adequately protect the compelling interests, the request is denied. Therefore, Defendant's documents submitted for in camera review are deemed returned to Defendant so that she can decide what to do in light of this ruling. See E.D. Cal. R. 141(e)(1) (prescribing that if a sealing "[r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied"); United States v. Big Leggins, 375 F. App'x 692, 693 (9th Cir. 2010) (indicating that the district court had authority to issue the directive that defendant "could either withdraw the report or resubmit it in redacted form"); United States v. Baez-Alcaino, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (remarking that after denying a sealing request a judge may "return[] [the documents] to the submitting party," who may then decide how to proceed).

Dated: November 13, 2017

GARLAND E. BURRELL, JR.
Senior United States District Judge